**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **JOSE SILVA**, | ) Case No. |
| Plaintiff, | ) **COMPLAINT AND JURY DEMAND** |
| vs. | ) |
| **MIDLAND CREDIT MANAGEMENT, INC.**, | ) |
| Defendant. | ) |

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff Jose Silva ("Plaintiff") is a natural person who at all relevant times

COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

resided in the State of Washington, County of King, and City of Seattle.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Midland Credit Management, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit account (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated January 24, 2013. (See January 24, 2013 Correspondence, attached as Exhibit A).

12. Defendant's January 24, 2013 collection letter demanded payment from Plaintiff in the amount of $1,817.40.

13. Defendant's January 24, 2013 collection letter further stated, in part: "We will stop applying interest to your account as soon as you make the first payment!"

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

14. Upon information and good-faith belief, Plaintiff's Debt was not accruing any interest.

15. Defendant sent Plaintiff a letter dated November 11, 2013, which represented that the "current balance" of the Debt was $1,817.40. (See November 11, 2013 Correspondence, attached as Exhibit B).

16. As no interest or other charges had been added to the Debt between January 24, 2013 and November 11, 2013, Defendant's January 24, 2013 letter falsely represented that Defendant was adding interest to Plaintiff's Debt in order to coax Plaintiff to pay the Debt.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

17. Plaintiff repeats and re-alleges each and every factual allegation above.

18. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

19. Plaintiff repeats and re-alleges each and every factual allegation above.

20. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 24, 2013            Respectfully submitted,

<u>s/Jon N. Robbins</u>
Jon N. Robbins WSBA#28991
Weisberg & Meyers, LLC
Attorney for Plaintiff

COMPLAINT - 4                         WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com